| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LEO D. PLOTKIN (SBN 101893)<br>LEVY, SMALL & LALLAS<br>A Partnership Including Professional Corporations<br>815 Moraga Drive<br>Los Angeles, California 90049-1633<br>Telephone:    (310) 471-3000<br>Facsimile:    (310) 471-7990<br>Email:          lplotkin@lsl-la.com<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**SEP 13 2018**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** sumlin  **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>B&B LIQUIDATING, LLC,<br><br>        Debtor.<br><br><br><br>        Debtor(s). | CASE NO.: 2:18-bk-11744-NB<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(PERSONAL PROPERTY)**<br><br>DATE:            September 4, 2018<br>TIME:            10:00 a.m.<br>COURTROOM: 1545<br>PLACE:          255 East Temple Street<br>                      Los Angeles, CA 90012 |

**Movant:** Siena Lending Group, LLC

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following personal property (Property):

    ☐ Vehicle (*year, manufacturer, type and model*):

    *Vehicle identification number*:
    *Location of vehicle* (*if known*):

    ☒ Equipment (*manufacturer, type, and characteristics*):

    *Serial number(s)*:  All equipment of Debtor
    *Location* (*if known*):  Wherever located

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                                 Page 1                                                       F 4001-1.RFS.PP.ORDER

☒ Other personal property (*type, identifying information, and location*):

    All personal property of Debtor, wherever located

☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:
   a. ☐ 11 U.S.C. § 362 (d)(1)
   b. ☒ 11 U.S.C. § 362 (d)(2)

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.
   b. ☐ Modified or conditioned as set for the in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before (*date*) _____.

7. ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014      Page 2      F 4001-1.RFS.PP.ORDER

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be
    a. ☐ without further notice.
    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☒ Other (*specify*):

    The Tentative Ruling attached to this Order is hereby incorporated as the Court's final ruling, with the following changes and exceptions:

    1. The automatic stay is not terminated as to any insurance policies held by Debtor; provided, however, that this limitation is without prejudice to any future request by Siena for relief from the automatic stay as to such insurance policies.

    2. Within seven days of entry of this Order, Siena shall pay the portions of the landlords' claims that Siena does not dispute.

    3. Landlords shall have the right to initiate a contested motion in lieu of an adversary proceeding to obtain a determination of Siena's obligation to pay disputed portions of landlords' claims. Siena shall not raise as a defense to such motion that the landlords' remedy is limited to surcharging Siena's collateral, and shall pay any amounts that the Court determines Siena is required to pay the landlords within seven days of the entry of a final order on such contested motion or as otherwise may be agreed by the parties in writing. With respect to determination of disputed portions of the landlord claims, Debtor shall have no obligation to support or oppose payment of any such claim. Debtor shall, however, to the extent requested, provide such information as may be requested by the parties.

    4. **In the event a landlord fails to initiate a contested motion to resolve the disputed portions of such landlord's claim within thirty days of entry of this Order, such landlord's claim shall be deemed waived as against Siena.**

    5. In view of Siena's commitment to directly pay the undisputed portions of the landlords' claims and any disputed portions that the Court determines is owed by Siena, no blocked account shall be required, and the provisions of the Tentative Ruling relating to such blocked account are deleted.

    In the event of any inconsistencies between the Tentative Ruling and the provisions of this Paragraph 16, the provisions of this Paragraph 16 shall control.

    ###

Date: September 13, 2018

*[signature: Neil W. Bason]*
Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 3    F 4001-1.RFS.PP.ORDER

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, September 04, 2018**      Hearing Room    **1545**

**10:00 AM**
**2:18-11744**    **B&B Liquidating, LLC**      Chapter 11

#27.00    Hrg re: Motion for relief from stay [PP]

SIENA LENDING GROUP, LLC
vs
DEBTOR

Docket     205

**Tentative Ruling:**

Grant as provided below. <u>Appearances are not required</u>.

*Proposed order:* Movant is directed to lodge a proposed order via LOU within 7 days after the hearing date, and attach a copy of this tentative ruling, thereby incorporating it as this Court's final ruling (except to the extent, if any, of any changes at the hearing). *See* LBR 9021-1(b)(1)(B).

*Key documents reviewed (in addition to motion papers at dkt. 205-06):* (i) The Forbes Company Response (dkt. 211), (ii) Official Committee of Unsecured Creditors Opposition (dkt. 212), (iii) GGP, Inc. and The Taubman Company, LLC Response (dkt. 214), (iv) Debtor's Response (dkt. 215), and the movant Siena Lending Group, LLC's reply (dkt. 217).

<u>Analysis</u>.  Subject to the provisions set forth below, the tentative ruling is to terminate the automatic stay under 11 U.S.C. 362(d)(2) as to all collateral, except any claims that the debtor has standing to assert against Great American Group, LLC or Tiger Capital, LLC (the "Liquidation Consultants"). That limitation is without prejudice to any future request by movant Siena for relief from the automatic stay regarding any claims against the Litigation Consultants that constitute part of the collateral of the movant Siena.  The tentative ruling is also to grant the request to waive the 14-day stay provided by FRBP 4001(a)(3).
    (1) <u>Landlords issues - prior to termination of automatic stay</u>.  The tentative ruling is that any relief from the automatic stay (11 U.S.C. 362(a)) should be conditioned on the movant Siena first paying any outstanding postpetition lease obligations to the objecting landlords, through the earlier of

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, September 04, 2018**                                                                                                         **Hearing Room   1545**

10:00 AM
**CONT...**    **B&B Liquidating, LLC**                                                                                                                     **Chapter 11**

(a) the date when the premises have been surrendered to the applicable landlord or (b) the date on which the automatic stay is terminated.  *See* dkt. 212, p.2:14 (asserting unpaid obligations of $41,130.03), *and* dkt. 214, p.3:6-8 (preserving rights).  As to any disputed amounts, the tentative ruling is that they must be paid into a blocked account to be held by the debtor (or as otherwise agreed between the landlords and the movant Siena) pending resolution of those disputes.  (None of the foregoing should be interpreted as affecting any dispute that might exist between the movant Siena and any <u>non</u>-objecting landlord - that is an issue that is not presently before this Court.)

    In setting forth the above condition this Court recognizes that the only issues for relief under 11 U.S.C. 362(d)(2) are whether there is any equity in the property and whether the property is necessary to an effective reorganization, as movant Siena argues.  Dkt. 217, p.2:7-14.  But the statute gives this Court discretion regarding what type of relief to grant - whether to terminate the stay, or condition it, or grant some other form of relief.  The tentative ruling is that the conditions set forth herein are appropriate in the exercise of this Court's discretion.

    (2) <u>Landlords issues - after termination of stay</u>.  The tentative ruling is that if the movant Siena wishes to remove or liquidate inventory <u>prior to</u> 9/14/18 then it may do so without interference from the landlords, provided that it pays ongoing rent on the same terms as currently exist, for the following reasons.  *Cf.* dkt. 214, p.3:24-4:3 (landlord asserting that movant Siena has no right to occupy premises before (as well as after) deemed rejection on 9/14/18).

    The reasoning is as follows: (a) until the lease is rejected the debtor continues to have a right to occupy the premises (subject to paying the rent), (b) terminating the automatic stay does not operate as a rejection of the lease or an ouster of the debtor - it merely permits the movant Siena to exercise its nonbankruptcy remedies, and (c) the debtor has obligations not only to unsecured creditors but also to the movant Siena, and those obligations require cooperation even <u>after</u> termination of the automatic stay, including not causing waste of the inventory and coordinating with the movant Siena regarding liquidation or removal of the inventory.

    But if the movant Siena provides written notice to the landlord that it elects not to use the premises for liquidation or removal of inventory (and instead decides to abandon any remaining inventory) then this Court is not aware of any bankruptcy law, rule, or discretionary condition that should

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, September 04, 2018**     **Hearing Room    1545**

**10:00 AM**
**CONT...    B&B Liquidating, LLC        Chapter 11**

require the movant Siena to pay lease obligations after the later of (a) such notice or (b) termination of the automatic stay.  Nor does the oral agreement of movant Siena to pay rent directly (rather than advance funds to the debtor to pay rent) create any obligation to continue paying rent.  *See* Tr. 2/22/18 (dkt. 67) at pp. 37:11-40:3; dkt. 36 p.3:15-16.  (This Court expresses no opinion about any nonbankruptcy law that might govern any rights and duties as between the landlords and the movant Siena.)  *Cf.* dkt. 214, p.3:8-10 (landlord questioning whether movant Siena intends that termination of automatic stay should cut off obligation to pay lease obligations).

   As for removal of fixtures (dkt. 211, p.2:19-27), the tentative ruling is to agree with the movant Siena that this issue should be left to nonbankruptcy law. Dkt. 217, p.6:1-6.  This does not appear to be an issue that this Court should address, at least at this time, if ever.

If appearances are *not* required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings."  If appearances *are* required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

**Party Information**

**Debtor(s):**

B&B Liquidating, LLC        Represented By
                Brian L Davidoff

**Movant(s):**

Siena Lending Group, LLC        Represented By
                Leo D Plotkin